**Raul LUNA; Alicia Correa Luna, et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72850.

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 21, 2008.

Raul Luna, pro se.

Alicia Correa Luna, pro se.

Jovany Correa Luna, pro se.

Mayra Luna–Correa, pro se.

Blanca Luna–Correa, pro se.

Mary Jane Candaux, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Annette M. Wietecha, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Raul Luna and Alicia Correa Luna, married natives and citizens of Mexico, and their Mexican children, petition pro se for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision de-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nying the Lunas' applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We grant the petition for review.

■ The agency's determination that Raul and Alicia Luna were not "sufficiently" credible and therefore failed to meet their burden of proof was not supported by specific, cogent reasons bearing a legitimate nexus to the determination. *See Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003). The IJ determined that Raul Luna entered the United States in 1984 and credited his testimony that he never departed the country for more than 90 days. The IJ concluded, however, that Raul Luna's testimony about departures from the United States in addition to those listed in his application made it impossible to ascertain whether he departed for more than 180 days in the aggregate. *See* 8 U.S.C. § 1229b(d)(2). Our review of the record indicates that Raul Luna's departures collectively amount to less than 180 days, and he never contradicted himself as to when he was outside the United States. *See Lopez–Alvarado,* 381 F.3d at 853 ("To the extent that the IJ based the adverse credibility finding of physical presence on Mr. Lopez's incomplete application, her decision does not comport with precedent.").

■ Alicia Luna testified that her son Jovany was around four to six months old, "give or take," at the time she entered the United States when he was in fact two months old then. The agency improperly relied on this minor discrepancy. *See id.*

Raul and Alicia Luna also provided several witnesses who testified concerning their physical presence, and submitted sworn affidavits from friends. Substantial evidence does not support the agency's conclusion that the testimony of the witnesses was not sufficiently credible or precise. The agency also failed to give dueweight to how many individuals were willing to testify on the Lunas' behalf. *See Vera–Villegas,* 330 F.3d at 1232; *see also Lopez–Alvarado,* 381 F.3d at 854 (noting that "the corroborating evidence for Mr. Lopez's continuous presence is particularly strong [and] powerful in the aggregate").

Substantial evidence therefore does not support the agency's determination that the Lunas failed to meet their burden of proof regarding ten years of continuous physical presence because "the evidence presented compels a reasonable factfinder to reach a contrary result." *See Vera–Villegas,* 330 F.3d at 1235 (internal quotation marks and citation omitted). We remand for further proceedings regarding their eligibility for relief.

**PETITION FOR REVIEW GRANTED; REMANDED.**